UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

OPELTON KELLY #225090,

        Plaintiff,        Case No. 2:10-cv-243

v.        Honorable Gordon J. Quist

UNKNOWN MIRON, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Discussion

    I.    Factual allegations

Plaintiff Opelton Kelly #225090, an inmate at the Carson City Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit

Officer Unknown Miron, Inspector J. Contreras, and Warden David Bergh. In his complaint, Plaintiff alleges that in October of 2007, while he was confined to the Alger Maximum Correctional Facility (LMF), Defendants ignored his request to have rejected mail containing UCC materials sent home. Plaintiff asserts that Defendants improperly had his mail destroyed. Plaintiff alleges that on September 3, 2007, Defendant Miron conducted a hearing on UCC material he had received from his brother, who was also Plaintiff's criminal co-defendant. Plaintiff claims that during the hearing, he asked to have the documents sent home, and that Defendant Miron responded that the material was to be destroyed. Plaintiff seeks declaratory and injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims that Defendants' conduct violate his right to procedural due process. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his hearing on the disputed mail from his brother.

Moreover, the hearing officer's conclusion was supported by the record. In the report, the Hearing Officer stated:

> [Plaintiff] received a letter from his brother 225000 Kelly. The letter referenced setting up commercial accounts to discharge criminal charges, to gain control and redeem property, to discharge fees and to avoid taxes and other debt.

(Plaintiff's Exhibit 2b.) During his hearing, Plaintiff stated that the letter was part of his "law stuff" and did not have anything to do with the police "or anything." Plaintiff asserted that the letter was not a threat just because it stated UCC on it. (Exhibit 2b.) The Hearing Officer concluded that

pursuant to Policy Directive 05.03.118 ¶ D-7, which prohibits mail that may pose a threat to the security, good order, or discipline of the facility, including mail for the purpose of operating a commercial / business enterprise within the facility, Plaintiff would not be allowed to possess the letter. (Exhibits 2a, and 2b.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Plaintiff received the Notice of Intent more than 24 hours before the hearing, had an opportunity to appear at the hearing and present evidence, and received a written statement by the Hearing Officer regarding the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

Moreover, Plaintiff's claim that the destruction violated MDOC policy presents no federal issue. No due process interest can be derived from a statute or regulation that merely establishes procedural requirements. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Bills v. Henderson*, 631 F.2d 1287, 1297-99 (6th Cir. 1980). In addition, the procedural due process mandated by the Constitution cannot be altered by or defined by, and therefore is not necessarily the same as, the procedures required by state law. *See Vitek v. Jones*, 445 U.S. 480, 490-91 (1980). Thus, so long as the plaintiff received that process which was due under the Constitution, the fact that the State may have failed to comply with its own procedure does not state a cause of action under 42 U.S.C. § 1983. *Id.; see also Walker v. Mintzes*, 771 F.2d 920, 933-934 (6th Cir. 1985).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 14, 2011                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE